JUDGMENT ENTRY.
Defendant-appellant Robert Harris appeals from his conviction for gross sexual imposition in violation of R.C. 29077.05(A)(4). Because we conclude that his sole assignment of error is without merit, we affirm the judgment of the trial court.
The victim in this case, a ten-year-old at the time of the offense, testified at trial that she had gone to Harris's apartment to use his telephone. Harris was 52 years old at the time. While she was in his living room, Harris grabbed the victim's hand and put her down on top of him as he sat in a recliner chair. The victim was sitting on Harris's lap, facing him, with her legs open over him. Harris began rubbing her legs, close to her buttocks. Harris continued to do so even after the victim told him to stop. Harris told her that he wished he were younger because he wanted to have sexual relations with her. Harris began touching the victim's buttocks and kissing her neck. The victim told Harris that she had to go home, but Harris would not let go of her.
A sheriff's detective testified that, during an interview, Harris told him that while the victim was on his lap, his legs began to "go to sleep," so he picked her up and moved her a little bit. He did not remember where he touched her body at that time. Harris said that he began rubbing the victim's back where her skin was exposed above her pants and below her shirt. Harris said that the victim asked him whether he would cheat on his wife. Harris also told the officer that he thought he may have kissed the victim on the cheek, and that "[s]omewhere in there she turned and kissed me right on the lips * * * and it just took me by surprise." Harris further said that there "may have been some accidental contact but I definitely was not going for any sexual contact." Harris said that he may have rubbed the inside of the victim's thigh, but he could not specifically remember doing so. He also stated that he had no reason to believe that the victim would lie about what had happened.
Harris testified at trial. He said that the victim had asked him if she could sit on his lap. He said that he touched the victim's thigh when he moved her off one of his legs. Harris stated that, at one point, he "felt like she was falling off the chair, and I grabbed ahold of her. And that's, basically, the last thing I remember."
In his sole assignment of error, Harris now asserts that his conviction was against the manifest weight of the evidence. To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[1] After our review of the record, we conclude that there was no manifest miscarriage of justice in this case. Harris's assignment of error is not well taken, and we therefore affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Hildebrandt and Gorman, JJ.
[1] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997 Ohio 52,678 N.E.2d 541.